**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JUSTO PASTOR PEREA, et al.,** | Civ. No. ~~14-1686~~ 16-770 (KM) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| **BENJAMIN H. REALTY CORP., et al.,** | |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.:**

Before the Court is the motion (ECF no. 8) of plaintiff Justo Pastor Perea to remand this removed action to state court, pursuant to 28 U.S.C. § 1447(c). Defendant Benjamin H. Realty Corp. has filed a response (ECF no. 12), and plaintiff has filed a reply (ECF no. 13). Because the motion is not timely under section 1447(c), and because the alleged defect in removal does not involve this court's subject matter jurisdiction, the motion is denied.

On June 30, 2014, this action was commenced in state court by the filing of a complaint that asserted three state law claims, plus a federal claim under the Family and Medical Leave Act, 29 U.S.C. § 2611. (ECF no. 8 at 7) Defendant did not file a notice of removal based on the original complaint. On February 5, 2016, the state court granted plaintiff's motion to amend, and gave him 20 days to file an amended complaint. (ECF no. 8 at 11) The amended complaint adds plaintiffs and defendants, and asserts federal causes of action under the Family and Medical Leave Act, 29 U.S.C. § 2611, as well as 42 U.S.C. §§ 1983, 1985, and 1986. (ECF no. 1-1 at 110–18) On February 12, 2016, defendant filed a notice of removal.[1] The notice of removal invoked this

---

[1] Apparently the notice of removal was based on the proposed amended complaint that had been filed with plaintiff's motion to amend. After removal, on February 18, 2016, plaintiff filed a version of the amended complaint with a federal

1

court's federal-question subject matter jurisdiction under 28 U.S.C. § 1331.[2] (ECF no. 1 at 2)

In general, a notice of removal must be served within 30 days after the complaint is served on or otherwise received by defendant. See 28 U.S.C. § 1446(b)(1).[3] This removal notice was served in relation to an amended complaint, which was filed after the original complaint had been pending in state court for over a year. The motion to remand points out that the original, unamended state court complaint was removable, because it asserted a federal cause of action under the Family Medical Leave Act. That being the case, says plaintiff, the time to serve a notice of removal ran from the service of the original complaint. This notice of removal, served some eighteen months later, was therefore untimely under 28 U.S.C. § 1446(b)(1).

No, says the defendant. The time to remove an amended complaint runs from the service or receipt of the amended, not the original, complaint. Defendant's grounds for saying so are unconvincing.[4]

---

caption. (ECF no. 3) Because it is unnecessary to do so, I do not consider whether this constituted consent to federal jurisdiction.

[2]  The notice cites 28 U.S.C. § 1441(b). I take that to be a slip, because the notice clearly invokes the court's federal question jurisdiction, not its diversity jurisdiction. The defect is not substantive.

[3]

(b)Requirements; Generally.—

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). This procedure has given rise to much litigation, but I state the rule in its simplest form.

[4]  Defendant argues that this state court amended complaint restarts the deadline because, in federal court, an amended complaint supersedes the original and renders it of no legal effect. (Def. Br. at 3, citing *West Run Student Housing Associate, LLC v. Huntington National Bank*, 712 F.3d 165 (3d Cir. 2013)). That rule of federal practice would not govern the effect of an amended complaint in state court. At any rate, an

2

Nevertheless, an amended state court complaint may, under certain circumstances, restart the 30-day period—for example, where the original complaint did not contain a federal claim, but the amended complaint does. 28 U.S.C. § 1446(b)(3).[5] That exception does not literally apply here. Here, the original complaint did contain a federal law claim, but defendant did not exercise its right of removal until after the complaint was amended.

In our situation, the courts have generally considered the extent to which the amendment fundamentally altered the claims:

> [A[n amendment of the complaint often will not revive the period for removal if the state court case previously was removable but the defendant failed to exercise his right to remove....
>
> The courts generally reach a different result, however,—finding removal to be timely—if a pleading amendment provides a new basis for removal or changes the character of the litigation so as to make it substantially a new suit. This seems quite appropriate since a willingness on the part of the defendant to remain in state court to litigate a particular claim should not be interpreted as a

---

original complaint does not literally lose *all* legal effect. One does not, for example, lose the benefit of filing within the statute of limitations simply by amending one's complaint. Other deadlines, too, may relate to the original complaint's filing date. Whether this is one of those deadlines depends on the federal statutory and case law specifically applicable to removal.

[5] Once again, this rule has given rise to much litigation, but I state it in its simplest form.

> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

3

> willingness to remain in state court to adjudicate an entirely different claim.

14C Wright, Miller, Cooper & Steinman, Fed. Prac. & Proc.: Jurisdiction 4th §3731 at 562, 567–68.

Whether this is such a case presents a nice issue, but one I need not explore. I have laid out these principles only to establish that the plaintiff's motion to remand does not implicate the subject matter jurisdiction of the court, but rests on an alleged defect in the removal procedure—specifically, untimeliness under the removal statute. *See Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) ("It is well settled that § 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one.")

The distinction is important, because a motion to remand based on the court's lack of subject matter jurisdiction can be brought at any time, but a motion to remand based on a defect in the removal procedure must be brought timely, or the objection is waived. Wright, Fed. Prac. & Proc. § 3739 at 804–18 (noting that even a *sua sponte* remand is barred after the 30-day time limit has elapsed). *See generally* 28 U.S.C. § 1447(c) (remand based on lack of subject matter jurisdiction may occur "at any time before final judgment," but motion for remand based on any other "defect" must be made within 30 days of removal)).

There is, then, a second 30-day time limit, not to be confused with the first. A "defect" based motion to remand, like this one, must be brought within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c).[6] This

---

[6]

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

4

motion to remand admittedly was not brought within that deadline. The notice of removal was filed on February 12, 2016 (ECF no. 1); the 30-day deadline expired on March 14, 2016; but the motion to remand was not filed until the 69th day, April 21, 2016 (ECF no. 8).

To that demonstration of untimeliness, plaintiff offers two responses.

First, he says, "defendants cannot object to the plaintiffs filing a motion to remand on the basis of untimeliness, when the defendants were already late by approximately 1½ years in filing their petition for removal." (Pl. Reply Brf. at 1-2) That argument is plainly foreclosed as a matter of law. Defendants' lateness is quintessentially the sort of removal "defect" that must be raised by plaintiff within 30 days of removal, or it is waived. *See Farina v. Nokia Inc.*, 625 F.3d 97, 113-14 (3d Cir. 2010).[7] If plaintiff's remand motion comes late, then plaintiff's objection to the lateness of removal is moot. If it were the other way around—if a preceding defect in removal procedure mooted plaintiff's deadline to remand—the remand deadline would have no meaning at all.

Second, plaintiff's counsel, a sole practitioner, states in his reply brief that he underwent major surgery on March 11, 2016. (The notice of removal, recall, was filed on February 12, 2016, and the deadline to file the motion to remand expired on March 14, 2016.) The details need not be stated, but I accept that counsel's condition was quite serious, and that he naturally would have been preoccupied by preparations for major surgery.

The 30-day remand deadline under section 1447(c), however, has been enforced strictly:

---

[7]

> We need not decide whether the Third Amended Complaint relates back to the Second Amended Complaint because even if the Second Amended Complaint is the relevant date and LG MobileComm's removal was therefore untimely, Farina waived his objection. ... Section 1447(c) stipulates that a remand motion made on the basis of 'any defect other than lack of subject matter jurisdiction' must be filed within thirty days of the notice of removal. The failure to move to remand results in a waiver of the objection.

*Farina*, 625 F.3d at 113-14.

5

> A district court does not have the statutory authority to remand a case because of a procedural defect, such as a defendant's violation of the unanimity rule, after section 1447(c)'s thirty-day limit expires. *See Air–Shields, Inc. v. Fullam,* 891 F.2d 63, 66 (3d Cir. 1989) ("By remanding the case for procedural defects after the thirty day limit imposed by ... Section 1447(c) had expired, the district court 'exceeded [its] statutorily defined power.'" (quoting *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 351, 96 S. Ct. 584, 46 L.Ed.2d 542 (1976))). Federal courts strictly construe the thirty day limit imposed by 1447(c). *See, e.g., Brown v. Modell's PA II, Inc.,* 2008 WL 2600253, at *3 (E.D. Pa. July 1, 2008) (Yohn, J.) (denying plaintiffs' motion to remand because it was filed thirty-one days after removal).

*Ramos v. Quien*, 631 F. Supp. 2d 601, 608 (E.D. Pa. 2008). *See also Farina,* 625 F.3d at 114 (despite counsel's complaint that he was lulled by an MDL transfer, the court held that it lacked the power to decide a motion to remand filed outside the 30 day deadline).

I agree with that strict approach. This is a purely procedural matter, requiring predictable deadlines. *See Ariel Land Owners, Inc. v. Dring,* 351 F.3d 611, 615 (3d Cir. 2003) ("Congress was concerned with the 'burdens of shuttling a case between two courts that each have subject matter jurisdiction,' and with the 'risk that a party who is aware of a defect in removal procedure may hold the defect in reserve as a means of forum shopping if the litigation should take an unfavorable turn.' H.R.Rep. No. 100-889, at 72.") No substantive rights are at stake; the issue is one of preference for a particular forum.[8] So even assuming I possessed the power to extend the § 1447(c) deadline, I would not exercise it here. Serious as counsel's excuse is, it would not have prevented him from filing at least a placeholder motion at some point within the 30-day § 1447(c) window. I will therefore deny the motion to remand.

Finally, I will make no award of costs and fees under § 1447(c). Defendant's still-unexplained failure to seek removal at the time of the original

---

[8] Compare statutes of limitations, where tolling and accrual doctrines have evolved to avoid the forfeiture of claims.

complaint is at the root of this procedural tangle. Plaintiff's motion to remand was late, but its lateness may have spared defendant the consequences of its own procedural missteps. I find no basis for a discretionary award of costs and fees to either side.

## ORDER

For the reasons stated above,

IT IS this 4th day of October, 2016

ORDERED that the motion (ECF no. 8) to remand the case to state court is DENIED. Each side to bear its own costs and fees.

HON. KEVIN MCNULTY
United States District Judge